## IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

CONNIE MAYEUX, INDIVIDUALLY AND  
ON BEHALF OF THE WRONGFUL DEATH  
BENEFICIARIES OF JAMES CLAY  
MAYEUX, DECEASED

**PLAINTIFF**

VS.   CIVIL ACTION NO.: 21-CV-153-PH

THOMAS HOWARD, JR., GREATWIDE  
AMERICAN TRANS-FREIGHT, LLC,  
EVANS DELIVERY COMPANY, INC., AND  
JOHN DOES I-X

**DEFENDANTS**

### COMPLAINT FOR WRONGFUL DEATH
### (JURY TRIAL REQUESTED)

COMES NOW, through undersigned counsel, come the Plaintiff, CONNIE MAYEUX, individually and on behalf of the wrongful death beneficiaries of JAMES MAYEUX, deceased, who files this action against the Defendants, THOMAS HOWARD, JR., GREATWIDE AMERICAN TRANS-FREIGHT, LLC, EVANS DELIVERY COMPANY, INC., and John Does I-X, and in support thereof, would show the following to-wit:

### JURISDICTION AND VENUE

1. Plaintiff, CONNIE MAYEUX, is the mother of the late JAMES MAYEUX and is a resident of Poplarville, Pearl River County, Mississippi.

2. JAMES Clay MAYEUX died as a result of the negligent and grossly negligent conduct of the Defendant THOMAS HOWARD, JR., establishing wrongful death and survival claims pursuant to Miss. St. Ann. Sec. 11-7-13.

3. On information and belief, at the time of his death, JAMES "CLAY" MAYEUX was also survived by two wrongful death beneficiaries:

    a. CONNIE MAYEUX, as his surviving mother; and

    b. James Mayeux, as his surviving father.

FILED  
NANCE FITZPATRICK STOKES  
CIRCUIT CLERK

OCT - 6 2021

BY: _Wendy Babin_  
DEPUTY CLERK

## Exhibit 1

4. It is further believed that JAMES CLAY MAYEUX had no other wrongful death beneficiaries and legal heirs qualified to bring the wrongful death and survival claims on his behalf or on behalf of his estate.

5. Under the wrongful death statute, this suit is being brought by CONNIE MAYEUX individually and for the benefit of all wrongful death beneficiaries of JAMES MAYEUX and is further authorized Miss. Code Ann. § 11-7-13 to pursue survival and wrongful death damages.

6. Upon information and belief, Defendant, THOMAS HOWARD, JR., is a resident of the State of Texas, who may be served with process at 2726 Frost Gate Court, Katy, TX 77449, or wherever he may be found.

7. Defendant, Greatwide American Trans-Freight, LLC is a foreign company doing business in the State of Mississippi, which may be served through its Registered Agent.

8. Defendant, Evans Delivery Company, Inc., is a foreign company doing business in the State of Mississippi, which may be served through its Registered Agent.

9. Defendants, John Does I-X, are corporations, entities, businesses, individuals and the like, which are presently unknown to the Plaintiff, but who have responsibility for the incident made the basis of this litigation. Plaintiff will seasonably amend this complaint to add their true names and capacities when they become known.

10. Pursuant to the provisions Miss. Code Ann. §11-11-3, as amended, venue is proper in this Court since the causes of action accrued in whole or in part in Pearl River County, Mississippi.

**COUNT ONE: NEGLIGENCE/GROSS NEGLIGENCE**

11. The previous allegations and paragraphs are incorporated by reference.

12. On or about January 5, 2021, Defendant Howard was traveling at a high rate of speed heading north on I-59, and switched lanes and crossed over onto the side of the road, when he struck JAMES "Clay" MAYEUX, a pedestrian, who was on the side of I-59 due to his vehicle being disabled.

13. On January 5, 2021, JAMES MAYEUX, departed this life at the scene due to the serious injuries resulting from this wreck.

14. The aforesaid collision sued on herein was the fault of, and proximately caused by the negligence of the Defendants in the following, non-exclusive respects:

   a. On information and belief, in driving at a speed too fast for the conditions and circumstances existing amounting to negligence, negligence per se, and gross negligence;

   b. By failing to maintain reasonable and proper control of said vehicle upon a public road;

   c. In out driving his headlights:

   d. In failing to follow Federal Motor Carrier guidelines, regulations, and rules, all of which are alleged herein as if specifically cited and copied word for word;

   e. In improper lane usage;

   f. In hitting a pedestrian who was on the side of the road or so close thereto as to be easily seen as a pedestrian, who was to be avoided;

   g. In operating the vehicle under his control in an improper, unsafe, negligent and grossly negligent manner;

   h. By failing to see what should have been seen;

   i. In needlessly endangering the public in the operation of a motor vehicle;

   j. In violating the Revised Statutes of the State of Mississippi, all of which are pled as if copied herein in extenso; and,

   k. All other acts of negligence and/or gross negligence, which were the cause of the collision sued upon and will be shown at the trial of this matter.

15. It is believed that the cause of the collision and the resulting injuries and death of JAMES

MAYEUX, was due to the negligent, careless, and/or grossly negligent and wanton negligence and/or reckless disregard for the safety of others by Howard.

16. Plaintiff adopts by reference the provisions of Miss. Code Ann. Sec. 11-7-13, *et. seq.*, and alleges all damages, survival and wrongful death, and claims permitted by the wrongful death statute as well as all rules, laws, and guidelines under the FMCSA.

17. JAMES MAYEUX, suffered and ultimately died and now presents unto this Honorable Court, by and through his wrongful death beneficiary, claims for all damages permitted under Mississippi law for the survival of claims that Mr. Mayeux may have brought if he had survived and for those wrongful death damages due to his passing, including but not limited to:

   a. Funeral and burial expenses;

   b. The present net cash value of the work life expectancy for the life expectancy of the deceased;

   c. The Physical Pain and Suffering and resultant mental anguish of the decedent and for that of the beneficiaries as well as loss of protection, care, love, and companionship; and emotional distress and mental anguish;

   d. All other recoverable damages under MS law; and,

   e. Loss of Enjoyment of life;

18. Further, as a direct and proximate result of the negligence and other actions and/or omissions of the Defendants, jointly and severally, Plaintiff, in her own right and on behalf of the wrongful death beneficiaries of JAMES CLAY MAYEUX, Deceased, have sustained the following injuries and damages as a result of the death of JAMES MAYEUX including but not limited to the following:

   a. Loss of his society, companionship, love and affection;

    b. Loss of his aide, services and physical assistance;

    c. Loss of participation together in the activities, duties and responsibilities of life;

    d. Loss of enjoyment of life and quality of life; and

    e. All other damages as allowed permitted under the wrongful death statute and MS law.

19. In addition to compensatory damages, the conduct of the Defendants Howard, Greatwide American Trans-Freight, LLC, Evans Delivery Company, Inc., and John Does I-X, was so negligent and grossly negligent so as to evidence a total and/or wanton disregard for the life and welfare of the public, especially JAMES CLAY MAYEUX; the Plaintiff seeks an award of general and punitive damages against the Defendants to punish them and make an example of them to prevent others from committing such gross acts of negligence in the future. Additionally, negligent training, hiring, supervision, and retention is alleged against said carrier/entity, which is a separate tort, and is alleged in addition to those acts of negligence via respondeat superior/joint venture/borrowed servant/independent contractor/master/servant, or any other like or similar claim/theory, which are also alleged.

**WHEREFORE**, your Plaintiff, in her own right and on behalf of the wrongful death beneficiaries of JAMES CLAY MAYEUX, prays that the Defendants, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against the Defendants as alleged, together with legal interest at the rate of 8% from the time of judgment until paid, and for all costs of these proceedings, attorney's fees and expenses and for all legal and equitable relief this honorable court shall deem appropriate.

Further, a **TRIAL BY JURY** is requested on all issues raised herein.

**RESPECTFULLY SUBMITTED**, this the 30th day of Sept., 2021.

BY: _____
RYAN J. CANON, 103296

MORRIS BART, LTD.
1712 15TH STREET, SUITE 300
GULFPORT, MS 39501
TELEPHONE: (228) 276-0312
FACSIMILE: (866) 851-7331
E-MAIL: RCANON@MORRISBART.COM