IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CONNIE MAYEUX,                                                      PLAINTIFF

V.                                      CIVIL ACTION NO. 1:21-cv-332-TBM-RPM

THOMAS HOWARD, JR., ET AL.,                              DEFENDANTS

### ORDER

### I.     Introduction & Relevant Background

Before the Court is plaintiff Connie Mayeux's ("Mayeux's") motion to compel discovery and for sanctions from defendants Thomas Howard, Jr. ("Howard"), Greatwide American Trans-Freight, LLC ("Greatwide"), and Evans Delivery Company, Inc. ("Evans") (collectively, "defendants"). Doc. [36, 37]. This motion is opposed. Doc. [47].

In her Complaint, Mayeux alleges that Howard, a truck driver, negligently struck and killed pedestrian James Clay Mayeux, who was walking near the side of a highway. Doc. [2], at 8. According to Mayeux, Greatwide and Evans are vicariously liable for Howard's conduct and negligently trained, hired, supervised, and retained him. *Ibid.*

### II.     Analysis: Motion to Compel Discovery

#### A. Law Generally

The scope of discovery is broad. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

1

Discovery is "meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 340 (D.D.C. 2021) (quoting *Cleveland-Goins v. City of New York*, No. 99–cv–1109, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999)). Nevertheless, "[discovery] has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition[,]" *Crosby*, 647 F.3d at 264, and, therefore, "like all matters of procedure, has ultimate and necessary boundaries[,]" *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978).

Federal Rule of Civil Procedure 37 governs motions to compel discovery or disclosure. Fed. R. Civ. P. 37 ("[A] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). Rule 37 allows such a motion when a party fails to answer an interrogatory under Rule 33,[1] or respond to a request for production under Rule 34,[2] provided such discovery requests are within the scope of Rule 26(b). Fed. R. Civ. P. 37(a)(3). Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Finally, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable[,]" *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 435 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

---

[1] Under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath[;]" "[t]he grounds for objecting to an interrogatory must be stated with specificity[;]" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3)–(4).

[2] In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "General or boilerplate objections are invalid, and '[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections.'" *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 281 (N.D. Tex. 2017) (quoting *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016)).

2

### B. Application

#### i. Introduction

The present dispute concerns three distinct discovery devices. First, Mayeux seeks to compel production of documents and other materials that are fully responsive to Requests for Production Nos. 19, 22, 24, 27, and 28. Doc. [36], at 3–8. Second, she seeks to compel a full response to Interrogatory No. 19. *Id.*, at 5. Finally, she seeks to compel the independent insurance adjuster, nonparty Kevin Gildewell ("Gildewell"), to sit for a deposition. *Id.*, at 6–7.

#### ii. Requests for Production No. 19, 22, 24, 27, and 28

##### a. Request No. 19

In Request No. 19, Mayeux seeks "any documents evidencing the hours worked by your driver during the thirty (30) days immediately prior to the incident up through and including the time of the incident." Doc. [47], at 6. While Mayeux concedes that the defendants produced some responsive documents, she explains that the defendants' production only covered a seven-day period. Doc. [36], at 6. In their response, the defendants did not address this request. Doc. [47]. It is well-established that "a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015) (citation omitted). *See also Itron, Inc. v. Johnston*, No. 3:15–CV–330–TSL–RHW, 2017 WL 11372352, at *2–*3 (S.D. Miss. Aug. 17, 2017). The Court find this information to be discoverable.

##### c. Request Nos. 22, 24, and 27

In Request Nos. 22 and 24, Mayeux seeks the defendants' "corporate safety manual and employment/employee [manual]" and their "safety policies, practices and procedures" as these

3

materials "existed on the date of the incident and as they exist at the present time." Doc. [36], at 3–4. Relatedly, in Request No. 27, Mayeux seeks "copies of any safety literature, documents or materials of every kind and description which you provide to employees entrusted with the operation of motor vehicles on your behalf, including any requirements or guidelines for employees driving vehicles owned by you or for you." *Id.*, at 4. Addressing these requests collectively, the defendants raise several arguments in opposition.

First, the defendants argue that the movant bears the burden of demonstrating relevance in the event the nonmovant claims, without elaboration, that the request is irrelevant. Doc. [47], at 11–12 (citing *Reine v. Honeywell Int'l, Inc.*, No. CIV.A. 06–673–RET–DL, 2008 WL 1901398, at *1 (M.D. La. Apr. 25, 2008)). This argument is meritless. In this Circuit, it is well-established that "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable[,]" *Areizaga*, 314 F.R.D. at 435 (citing *McLeod*, 894 F.2d at 1485). *See also Carr*, 312 F.R.D. at 465–66; *S.E.C. v. Brady*, 238 F.R.D. 429 (N.D. Tex. 2006).[3]

Additionally, the defendants argue that Mayeux's discovery requests seek information that is irrelevant as a matter of law. Doc. [47], at 13–14.[4] In support of this proposition, the defendants cite *Scofield v. Bd. of Trustees of Lee Cty.*, 65 F.R.D. 595 (N.D. Miss. 1975) and *Seiferth v. Camus*, 377 F. App'x 417, 422 (5th Cir. 2010). *Ibid.* However, neither case stands for the proposition that plaintiffs are categorically barred from receiving such discovery in *any* individual negligence case. *Seiferth*, 377 F. App'x at 422; *Scofield*, 65 F.R.D. at 595. Indeed, Fifth Circuit precedent does not support such a sweeping rule. *See*, *e.g.*, *Keen v. Miller Env't Grp., Inc.*, 702 F.3d 239, 248 (5th

---

[3] In passing, the defendants cite *Reine* for the proposition that the movant bears the burden to show relevance after the nonmovant raises the issue. 2008 WL 1901398, at *1 (citing *Andritz Sprout-Bauer, Inc. v. Beazer E., Inc.*, 174 F.R.D. 609 (M.D. Pa. 1997)). Even if *Reine* supports this proposition, it still contravenes well-established Fifth Circuit caselaw. *O'Bryant v. Walgreen Co.*, 802 F. App'x 826, 833 (5th Cir. 2020); *McLeod*, 894 F.2d at 1485; *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).
[4] In particular, the defendants make the sweeping claim that "[g]enerally, information concerning 'employment practices' is not discoverable in an individual negligence claim." Doc. [47], at 13–14,

4

Cir. 2012) (citation omitted) ("Thus, in Mississippi, non-compliance with an internal policy is evidence that is probative of, but not dispositive of, breach of duty.").[5] This argument fails.

The defendants next argue that Mayeux's motion should be denied because the instant case is "ripe for a dispositive motion." Doc. [47], at 12.[6] At this juncture, however, it is entirely speculative whether a dispositive motion would be granted in the defendants' favor. Furthermore, if the defendants were confident about resolution via an early dispositive motion, they could have sought to stay proceedings pending resolution of such a motion. This practice is far from uncommon. *See*, *e.g.*, *Brit UW Limited v. D.S. Ladner Holdings, LLC, et al.*, No. 1:21–cv–280–HSO–RPM (S.D. Miss. Jan. 11, 2022); *Dean v. Pfizer, Inc.*, No. 419CV00204JMSDML, 2020 WL 12032895, at *2 (S.D. Ind. Dec. 9, 2020). Finally, the current scheduling order enables the defendants to file their dispositive motion at any time after entry of the scheduling order. Doc. [10]. This argument fails.

The defendants also seek a protective order on the grounds that their corporate manuals, safety policies, and related materials are proprietary in nature. Doc. [47], at 15; Ex. 8. In support, the defendants argue that (i) they have invested significant time and money developing, and insuring the secrecy of, these materials, and (ii) public disclosure would "give competitors an unwarranted advantage, and also diminish [the defendants'] own competitive edge." *Ibid.* To the extent that the materials are discoverable, the parties are ordered to produce them pursuant to an agreed protective order.

---

[5] While the defendants also rely on *Demoney v. Gateway Rescue Mission*, 304 So.3d 652 (Miss. Ct. App. 2020), there is a distinction between discovery that potentially supports a negligent training claim, *Keen*, 702 F.3d at 248, and Demoney's argument that an internal policy *created* a legal duty, *Demoney*, 304 So.3d at 657.

[6] In particular, the defendants identify (i) a Federal Motor Carrier Safety Administration investigative report; (ii) Howard's purported "qualified driver" status; and (iii) the unsupported statement that "no act or omission by the Defendants caused the subject accident." Doc. [47], at 12.

5

Finally, the defendants persuasively argue that Request Nos. 22, 24, and 27 are overbroad. Doc. [47]. Beginning with the relevant context, this lawsuit arises from a highway collision between a commercial vehicle and pedestrian. Doc. [2]. In connection, Mayeux has raised, *inter alia*, a negligent training claim. *Id.*, at 7, 10. Under Mississippi law, a company may be held liable for failing to provide adequate training. *See*, *e.g.*, *Gamble ex rel. Gamble v. Dollar Gen. Corp.*, 852 So.2d 5, 14 (Miss. 2003); *Detiveaux v. Premier Ent. Biloxi LLC*, No. 1:14–CV–340–LG–RHW, 2015 WL 5918180, at *8 (S.D. Miss. Oct. 9, 2015). Finally, "non-compliance with a[] [pertinent] internal policy is evidence that is probative of, but not dispositive of, breach of duty." *Keen*, 702 F.3d at 248 (citation omitted). *See also Foradori v. Harris*, 523 F.3d 477, 487 (5th Cir. 2008).

In this context, Greatwide and Evans' internal policies, procedures, and other materials addressing commercial vehicle operation are reasonably calculated to lead to the discovery of admissible evidence to the extent that Howard would (or should) have received them while working for Greatwide and Evans.[7] Those materials are discoverable on the issue of whether the defendants' training of Howard, if any, played a legally-cognizable role in the collision. *Detiveaux*, 2015 WL 5918180, at *8. By the same token, there is no indication that Mayeux needs, *inter alia*, "employment/employee [manuals]" unrelated to the operation of a commercial vehicle—or that Howard would not have received. Doc. [36]. For example, the defendants' sexual harassment policy is not reasonably calculated to lead to discovery of admissible evidence. *Crosby*, 647 F.3d at 262. When limited in scope to the above, there is no indication that Mayeux's requests are

---

[7] To the extent Mayeux seeks Greatwide and Evans' current policies, the Court denies his motion for lack of proportionality at this time. *See* Fed. R. Evid. 407. ("When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: . . . negligence[,] . . . [b]ut the court may admit this evidence for another purpose, such as impeachment . . . .").

unreasonably voluminous, unduly burdensome, or otherwise disproportionate to the needs of this case. *Samsung Elecs. Am. Inc.*, 325 F.R.D. at 591–92.

For these reasons, the Court **ORDERS** that the defendants must comply with Request Nos. 22, 24, and 27 to the extent that the policies, procedures, manuals, and other materials relate to operation of a commercial vehicle and would (or should) have been furnished to Howard. In all other respects, Mayeux's motion to compel is **DENIED** as to Requests 22, 24, and 27.

### e. Request No. 28

Finally, in Request No. 28, Mayeux seeks "a list of all motor vehicle incidents and accidents, which your employees have been involved in for the previous three years, whether said incidents involve injuries while stopped, or whether they involve injuries as to negligence in driving." Doc. [36], at 4–5.[8] These records are needed, she explains, "so that a determination can be made as to whether such incidents are substantially similar to warrant admissibility or admissible for another purpose." Doc. [36], at 5.[9]

In opposition, Howard argues that he has produced (i) his full personnel file; (iii) driver's qualification files; and (iii) March 7, 2022 deposition answers. Doc. [47], at 7. These documents, Howard asserts, contain his driving history. *Ibid.* In her reply, Mayeux does not dispute that Howard's production fully complies with her request. Doc. [49]. For these reasons, this portion of the motion is **DENIED** as to Howard. *Carr*, 312 F.R.D. at 469.

Turning to Greatwide and Evans, Mayeux's discovery request is not reasonably calculated to result in the discovery of admissible evidence. Doc. [36], at 4–5. To begin with, her claims arise

---

[8] Mayeux's request is facially overbroad. Indeed, she admits as much in her motion reply brief. Doc. [49], at 6.
[9] In support, Mayeux also relies on *Stubbs v. Toney*, No. 2:14–CV–205–KS–MTP, 2016 WL 626555 (S.D. Miss. Feb. 16, 2016). However, *Stubbs* is inapplicable. In that case, the district court denied a motion *in limine* seeking to "categorically exclude evidence of past traffic or DOT violations[.]" *Stubbs*, 2016 WL 626555, at *2. The court neither addressed a discovery issue nor stated that such information is, as Mayeux suggests, discoverable across all automobile negligence cases. *Ibid.* Indeed, in that case, the evidence at issue was *already* within the plaintiff's possession at the time that the motion was decided. *Ibid.*

from a discrete highway collision between a commercial vehicle and pedestrian. Doc. [2], at 8. She does not allege that any other Evans or Greatwide workers were involved in the subject collision. Additionally, Mayeux is not seeking discovery related to a product design defect or a dangerous condition, only information about whether a different worker collided with a pedestrian under substantially similar circumstances on a highway. Cf. *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988). Mayeux fails to provide even a theoretical nexus between the sought discovery and this lawsuit. Doc. [36], at 5–6; [49], at 6. Instead, she admits that she is seeking the information "so that a determination can be made as to whether such incidents are substantially similar to warrant admissibility or admissible for another purpose[]." Doc. [36], at 5. *See also* Doc. [49], at 6. Without more, the traffic records of other Greatwide and Evans workers is not reasonably calculated to lead to the discovery of admissible evidence. Mayeux's request is merely a fishing expedition. *Crosby*, 647 F.3d at 264.

Finally, the sought discovery is not proportional to the needs of this case. *Carr*, 312 F.R.D. at 468. To begin with, the probative value of the information sought is minimal. At *best*, this discovery may help Mayeux demonstrate that the defendants did not train their drivers to avoid hitting pedestrians walking near a highway. Additionally, Mayeux is seeking extensive discovery about the entire workforce of two large companies. The time and effort needed to comply with Mayeux's request will, therefore, be significant. Finally, this information is not reasonably calculated to lead to the discovery of admissible evidence.

Om either ground, Mayeux's motion is also **DENIED** as to Request No. 28.

### iii.  Interrogatory No. 19

In Interrogatory No. 19, Mayeux seeks for the defendants to "[d]escribe any and all accidents, crashes, incidents, wrecks, violations, citations or any other infractions which pertained to you or

any vehicle owned or operated by you in the five years before this incident." Doc [36], at 5. The Court addressed a nearly identical discovery request above—Request No. 28. For the reasons already stated, Mayeux's motion to compel is **DENIED** as to Interrogatory No. 19.

### iv. Gildewell Deposition

Finally, Mayeux seeks for the Court to compel Gildewell to be compelled to sit for a deposition. Doc. [36], at 6. However, neither a party nor a nonparty can be compelled to attend a deposition without notice. *Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008). *See also Williams v. Johanns*, No. 03–cv–2245, 2007 WL 1723662, at *3 (D.D.C. June 14, 2007) ("[I]t cannot be seriously argued that one lawyer telling another that he intends to take a deposition is 'service of a notice' of that deposition."). In this case, a deposition of Glidewell has not yet been noticed. Fed. R. Civ. P. 30(b). By extent, the parties' present discovery dispute relates to a hypothetical deposition. There is no dispute ripe for judicial review.[10] This portion of the motion is **DENIED** as premature. *Nuskey*, 251 F.R.D. at 12.

### III. Analysis: Motion for Sanctions

Rule 37(a)(3)(A) provides that if one party fails to make their required initial disclosures, then the other party may move to compel initial disclosures and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). *See also Joe Hand Promotions, Inc. v. Canales*, No. 7:16–CV–460, 2017 WL 3671090 (S.D. Tex. Mar. 7, 2017). Mayeux moves for sanctions on the grounds that the defendants "withheld key evidence," i.e. ECM data, that was only produced after an "aggressive" pursuit. Doc. [36], at 2; [37]. As background, the subject truck's electronic control module ("ECM") produced data at the time of the accident. However, the defendants did not produce the ECM data in their initial disclosure. They also did not produce the ECM data in discovery responses. The

---

[10] To be sure, the Court questions the extent of Gildewell's personal knowledge about the accident itself. The Court also questions whether his photographs and related materials are actually sought, not deposition testimony.

Court conducted an informal discovery conference to resolve, *inter alia*, production of the ECM data. At this conference, the defendants made the dubious argument that ECM data—technical data produced during a car crash—was privileged. Cf. *McLeod*, 894 F.2d at 1486 ("[Attorneys have] an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests."). Nevertheless, Mayeux has not moved to compel disclosure of the ECM data. Doc. [36, 37]. In fact, Mayeux received the ECM data *before* she filed the instant motion. Doc. [37], at 1. Furthermore, the ECM data was produced months before the discovery deadline. Doc. [10]. Finally, the imposition of sanctions would not serve its intended purpose here. *See, e.g., Perkins v. Gregg Cnty., Texas*, No. 6:94–CV–328, 1996 WL 61769, at *3 (E.D. Tex. Feb. 5, 1996). This motion fails.[11]

While declining to impose sanctions, the Court warns that it will not look kindly on future attempts to unnecessarily disrupt the discovery process and has the power to impose severe sanctions for discovery abuses. *See, e.g., Walker v. Voyager Charters, L.L.C.*, No. A–08–CA–0027–JRN, 2009 WL 10700645, at *5 (W.D. Tex. Feb. 25, 2009).

### IV.   Conclusion

**IT IS THEREFORE ORDERED AND ADJUDGED** that Mayeux's [36, 37] Motion to Compel is **DENIED IN PART** and **GRANTED IN PART**. Furthermore, Mayeux's [36, 37] Motion for Sanctions is **DENIED.**

**SO ORDERED**, this the 18th day of May 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[11] To the extent that Mayeux attempts to raise a new argument in her reply, the Court declines to address it. *See, e.g., Parsons v. Sager*, No. 1:18–CV–1014–RP, 2019 WL 5243190, at *2 n.1 (W.D. Tex. Apr. 30, 2019).